SMITH *et al. vs.* SUTTON, administrator.

1. A tenant is estopped from denying the title of his landlord, and a trustee from denying that of the person for whose use he holds.
2. A will devised land to certain children, with the right in their father and mother to reside on and use it until the youngest child should attain majority, when it was to be sold, and the money arising from the sale was to be equally divided among the children. The father became executor and died. The mother and one son (the present defendants) became administrators *de bonis non,* with the will annexed, making oath thereto, but were subsequently discharged and another appointed. The will, when offered in evidence, was more than thirty years old, and came from the proper custody, though its probate was defective:

*Held,* that the defendants were stopped from denying the title of the testator or the title conveyed by the will.

February 24, 1885.

Estoppel. Title. Wills. Trusts and Trustees. Before Judge POTTLE. Towns Superior Court. September Term, 1884.

Reported in the decision.

CRANE & JONES, for plaintiffs in error.

J. J. KIMSEY; W. G. BLACKWELL, for defendant.

HALL, Justice. .

By the last will and testament of William Visage, exe-. cuted on the 26th of January, 1854, and presented and admitted to probate and record at the succeeding February term of the court of ordinary of Union county, in which he lived at the time of his death, the land in dispute was devised to the children of Venetta¯ Smith (one of the de. fendants in this suit), with the right in the said Venetta, and her husband, Abner ' Smith, to reside on and use it. until the youngest child of Venetta attained majority,. when it was to be sold, and the money arising from the sale was to be equally divided among all her children. Abner Smith, the executor named in the will, proved it,. and at the same time had issued to him letters testament- ary. He died during the late war, and after his death, his. widow and one of her sons, Samuel D. Smith (her co- defendant in the suit), took out letters of administration *de bonis non*, with the will annexed, upon Visage's estate. The exemplification of the record shows that they took the oath prescribed in such cases, but it does not show how long they continued to execute the trust, or how they were discharged from its administration; that they were discharged however, is not denied. The plaintiff was then. appointed and qualified as administrator *de bonis non,* with the will annexed, and when the youngest of her chil- dren attained his majority, this suit was brought by him. against her and Samuel D. Smith, who were at that time in possession of the land. The trial of the case resulted in a verdict for the plaintiff, and a motion was made for a. new trial, upon the following grounds among others, but was overruled by the court, viz.:

(1.) Because the court erred in admitting in evidence,. over the objection of defendants' counsel, the record of the· ·court of ordinary, which contains what purports to be a. copy of the last will and testament of William Visage. .

(2.) Because the court erred in holding and ruling, dur-·

ing the progress of the trial, that defendants were estopped from denying that the paper was the will of William Visage, they having once qualified as administrators, with the will annexed, and having made affidavit that they believed that said paper, so far as they knew, was the last will and testament of said deceased.   On this last ground, the court charged the jury that they were to consider the paper before them the last will and testament of Visage; that, although it had been argued that no title to the land had been shown in Visage, the record established the fact that Abner Smith qualified as the executor of this will, and after his death, the defendants took out letters of administration, with the will annexed, and therefore could not be heard to dispute the fact that Visage owned the land devised by the will; that it was admitted that the land described in the 3d item in the will is a portion of the land sued for, but defendants contend there is no proof that the land referred to in the 6th item thereof is the land in dispute; they were, however, obliged to admit, and in fact did so, that they were in possession of the land described in the writ.   Now, was this the same land mentioned in the will?   This the jury were to decide.   If they concluded that Visage died seized and possessed of it, then it passed under the last mentioned item, for by that the balance of testator's property in this state, remaining after the debts and specific legacies were paid, was bequeathed to the children of Venetta Smith, with the right reserved to her to occupy and use the same until her youngest child became of age, and if they believed further that the youngest child had come of age, then they would be authorized to find for the plaintiff, and if not, then they should find for the defendant.

This, we are satisfied, is a sound exposition of the law applicable to the case.   The finding of the jury, based upon ample evidence to sustain it, establishes the fact that the defendants never held adversely to the right set up by the plaintiffs, but in subordination thereto; that they held

under the will of William Visage for the persons who are made thereby devisees, and who, in this suit, are represented by the ˋplaintiffs. There is no evidence that they, or either of them, ever repudiated the trust under which they held, and consequently, no notice of such repudiation could have been brought home either to the devisees or their legal representative, the plaintiff in action. That a tenant is estopped from denying the title of his landlord, and a trustee from denying that of the person for whose use he holds, is a familiar principle, and is too firmly established to be questioned. Besides this, we are of opinion, with the able and experienced judge who tried this case, and heard and determined the motion for a new trial, that there are other things in this record which amount to technical estoppels; here are solemn admissions made *in judicio* upon which the parties interested have acted, and which have certainly inured to the benefit of the defendants, if they have not resulted in inconvenience and injury to the plaintiff's *cestuis que trust;* and here is an ancient will, and its probate more than thirty years old (and utterly defective in a legal point of view, though the probate may be, for the want of power in an officer, styling himself deputy ordinary, to make it), but coming from the proper custody, and under which one of the defendants in this proceeding has held possession of the land for many years. Surely any one of these facts would render it more unjust and productive of more evil to hear the truth than to forbear an investigation into the matter. Code, §3753, and citations. Though the other questions made by this motion have been argued with skill and learning highly creditable to the counsel engaged, this view renders their consideration wholly unnecessary, and nothing further need be said than to order the judgment affirmed.