MILLER, administrator, *et al. vs.* WILKINS & BERRIEN.

1. Where a bill was filed against an administrator and the sureties on his bond, alleging that the complainants held judgments against the intestate; that the administrator had received realty and personalty, and had sold the latter; and that he had never made any appraisement or return of the property, and praying discovery as to the personalty, and that the administrator be required to account for all the property which had come into his hands, and to answer certain interrogatories, and for a decree against him and his sureties, and for general relief; and where the administrator stated in his answer that his intestate died in possession of certain lands; that he (the administrator) applied to the ordinary for leave to sell the land and sold it under the order passed which granted leave to sell the lands belonging to the estate of the decedent,—this was a solemn admission *in judicio,* and estopped the administrator, as to complainants, from setting up on the trial of the case that the land did not belong to the estate of his intestate, but belonged to other persons as the legal representatives of the intestate, under the terms of a deed under which the intestate held.

2. Under §4208 of the code, it is not necessary that an order should be applied for or granted to take a bill *pro confesso;* but where discovery is not waived, and no answer is filed by some of the defendants, and no excuse is rendered therefor, the court may proceed to decree as to them, upon proper affidavit filed by the complainant or his solicitor in his absence.

3. There was no error in entering a decree against a surety on the bond of the administrator because he had not been personally served with a copy of the bill, and had not answered it, it appearing that he was present in court when counsel agreed for the court to pass upon the case without the intervention of a jury, and made no objection thereto.

4. There was no error in entering a decree against the other sureties. They not having answered, and the proper affidavits having been filed by the solicitor for the complainants, there were no facts upon which a jury could pass.

(a) It is not intended to decide that, if proper objections had been filed at the trial, a decree could have been entered against the sureties on the administrator's bond, without the complainants having first obtained a judgment against the administrator, or having made him a party to the judgment against his intestate by *scire facias,* but no such point was made.

5. The complainants' judgment and executions against the decedent aggregate up to the date of the decree $496.38, principal, interest and costs. The decree was entered for $637.09. A new trial is

therefore ordered, unless the complainants will write off the difference between these sums ($140.71); if this is done before the judgment of this court is made the judgment of the superior court, then a new trial is refused.

November 3, 1887.

Administrators and Executors.    Estoppel.    Equity. Practice in Superior Court.    Principal and Surety.    Practice in Supreme Court.    Before Judge HINES.    Scriven Superior Court.    May Term, 1887.

Reported in the decision.

DELL & WADE, for plaintiffs in error.

HOBBY & MATHEWS, by HARRISON & PEEPLES, for defendants.

SIMMONS, Justice.

Wilkins & Berrien, copartners, filed a bill in the superior court of Scriven county, against David S. Miller, administrator of James P. Miller, deceased, and Henry Parker, Allen Sasser and Michael Waters, as sureties on the administrator's bond of David S. Miller, for discovery, account and relief.    The bill alleged that they had obtained several judgments against James P. Miller during his life, and that execution had been issued thereon; that James P. Miller died in 1884, and David S. Miller was appointed as administrator in June, 1885, and gave bond with the above named parties as sureties; that said David S., as administrator, took possession of all the realty and personalty of the deceased; that they did not know of what said personalty consisted, but prayed discovery as to that; that said realty consisted of a tract of land in Scriven county, which the administrator had sold for $1,000; and that he had never made any appraisement or return of the property.    They prayed that the administrator be required to account for all the property, real and personal,

which had come into his hands, and that he be required to answer certain interrogatories set out with the bill, and prayed for a decree against the administrator and his sureties, and for general relief.

Miller answered said bill, and admitted that he had been appointed administrator and had qualified as such, and that Parker, Sasser and Waters were his securities on the bond. He denied that he had ever come into possession of any personal property belonging to the deceased, and alleged that the deceased had no personal property at the time of his death. He admitted that James P. Miller died in possession of 207 acres of land in Scriven county, which he held under a deed from Drury Miller, which deed is attached to his answer as an exhibit. The deed from Drury Miller to James P. Miller gives him 207 acres of land, not to be subject to sale or exchange by him, nor liable for any debts he had already contracted or that he might there-after contract, but recites that the same was intended as a homestead for his use during his natural life, and at his death to go to his legal representatives. Miller further alleged in his answer that, neither at the time when he took out letters of administration nor at the time of filing his answer, did he consider that said land could be subjected to the debts of the deceased, but that at the request and earnest solicitation of the heirs at law of said deceased, he, as administrator, applied to the ordinary of said county, on the 9th of November, 1885, for leave to sell said real estate, as the most practicable and economical way to distribute the same in accordance with the terms of said deed. At the December term, 1885, the ordinary granted the order for the sale of the land; and a copy of the order is attached to the answer. The order of the ordinary recites that "notice of the application for leave to sell the lands belonging to the estate of James P. Miller, deceased, having been published as required by law, and no objection having been filed, . . . it is ordered that said leave be granted D. S. Miller, administrator of said deceased, to sell

the land belonging to said estate." Miller further alleged in his answer that said land, after being duly advertised, was sold for the sum of $920.00.

All the parties were served. None of them answered except Miller, the administrator. The bill was taken *pro confesso* as to Parker, Sasser and Waters, the sureties, upon an affidavit made by one of the solicitors for the complainants. The case was submitted to the judge without the intervention of a jury, upon an agreed statement of facts, as set out in the record; and the judge, upon said agreed statement of facts, entered up his decree in favor of the complainants against the defendants, for $637.09, to which judgment and decree of the court, Miller, the administrator, and Waters, one of the sureties, filed their bill of exceptions, alleging various errors, set out therein, committed by the court in rendering said decree.

1. There was no error committed by the court in entering up the decree, according to the facts disclosed in the record of this case. Miller, the administrator, admitted in his answer that he had appplied to the ordinary for leave to sell this land as the property of the deceased, and that the ordinary had granted him leave to sell said land as the property of the deceased. This was a solemn admission *in judicio;* and we hold that he is estopped, as to these creditors, from setting up on the trial of the case that this property did not belong to the estate of his intestate, but belonged to other persons as the legal representatives of the intestate. *Scott vs. Haddock et ux.*, 11 *Ga.* 258; *Smith et al. vs. Sutton,* 74 *Ga.* 528; code, §3753.

2. It is also insisted by the plaintiff in error that the court erred in granting a decree against Parker, Sasser and Waters, because no order had been applied for or granted to take said bill *pro confesso* as to them. We do not think that the practice, under the code, §4208, requires that any order should be taken or granted, but the court decrees upon proper affidavit filed by the complainant, or his solicitor in the absence of the complainant.

3. Nor was there any error committed by the court, according to the facts disclosed by this record, in entering up a decree against Waters because he had not been personally served with a copy of said bill and had not answered the same. The record discloses the fact that Waters was present in court at the time counsel agreed for the court to pass upon the case without the intervention of a jury, and made no objection thereto.

4. Nor was there any error committed by the court, according to the facts disclosed by the record of this case, in the decree against the other sureties, as complained of in the 6th ground of exception; they not having answered and the proper affidavit having been filed by the solicitor for the complainants, there were no facts upon which a jury could pass.

We decide this case upon the facts disclosed in the record, not intending to hold that, if proper objections had been filed at the trial, this decree could have been entered up against the sureties on this bond, without the complainants first having obtained a judgment against the administrator, or made him a party, by *scire facias*, to the judgments against his intestate. It seems that no point was made upon this in the trial of the case below; and none was made here.

5. The 3d ground of exception is, that the court erred in granting the decree for an amount much greater than was claimed to be due in complainants' bill, or shown to be due upon the agreed statement of facts. We think this exception well taken. We have carefully looked into the record, and find that the complainants claim in their bill to have five judgments and executions against the deceased, these five amounting in the aggregate to $496.38, principal, interest and costs, up to the date of the decree. The decree, as has been observed, was entered up for $637.09. We find no evidence in the record authorizing this amount; and we therefore order a new trial upon this ground, unless the complainants in the court below will

write off the difference between these sums, to-wit, the sum of $140.71. If this is done before the judgment of this court is made the judgment of the superior court of Scriven county, then a new trial is refused.

Judgment reversed on terms.