MARY STERLING and Others v. GEORGE H STERLING.

June 12, 1899.

Nos. 11,644—(51).

### Trust—Title—Estoppel of Trustee.

A trustee is estopped from denying the title or estate of the person for whose benefit it was created, and for whose use he holds it.

Action in the district court for Le Sueur county to compel defendant to execute to plaintiffs a conveyance in pursuance of the terms of a deed of trust. From an order, Cadwell, J., overruling a demurrer to the complaint, defendant appealed. Affirmed.

*Thos. Hessian*, for appellant.

*P. McGovern*, for respondents.

BUCK, J.

The plaintiff Mary Sterling is the widow, and the other plaintiffs are the children and heirs at law, of M. Wallace Sterling, who died at the village of Elysian, in Le Sueur county, in this state, on November 4, 1896. The plaintiffs allege in their complaint that on December 20, 1870, there was conveyed to the defendant, George H. Sterling, and to one Byron D. Sterling, by a deed of trust, the W. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$ of section 22 in township 109 N., of range 24, in said county, and that the defendant duly accepted the trust imposed by said deed, and continued to act as such trustee from the time of the execution of said deed until the death of said M. Wallace Sterling in November, 1896; that said Byron D. Sterling, the other grantee named in said deed, died in the year 1888. A copy of the deed was made a part of the complaint, and set out in full therein. The relief sought is that the defendant be required to execute a deed to plaintiffs as required by the terms of the trust deed; they alleging themselves to be the owners of said premises, and that defendant has no right, title, or interest therein. The defendant interposed a demurrer to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and defendant appeals.

The deed or instrument in controversy recites that John L.

Meagher was the administrator of the estate of Gottlieb Schultz, late of Elysian, in said county of Le Sueur, deceased, and that by an order of the probate court of said county made June 9, 1870, he (Meagher), in his capacity as such administrator, was authorized to sell at public vendue the estate of said Gottleib Schultz, and that he took the necessary steps to do so, and that on November 19 he did sell the said premises to George H. Sterling and Byron D. Sterling for the sum of $500, which they paid to the said administrator, —they being the highest bidders,—and said sale was confirmed by the probate court of Le Sueur county. The deed furthermore recited that the administrators did grant, bargain, sell, and convey unto said George H. Sterling and Byron D. Sterling all the real estate which we have described, and then contained this clause:

"To be held by said George H. Sterling and Byron D. Sterling in trust to receive the rents and profits of said land, and apply the same to the use and support of M. Wallace Sterling and his family during the lifetime of said M. Wallace Sterling, and then said land to be deeded to the heirs at law of said M. Wallace Sterling, and their heirs and assigns forever. Said George H. Sterling and Byron D. Sterling are not to make any charge nor receive any compensation for their services as trustees as above set forth. To have and hold the above-bargained premises to the said George H. Sterling and Byron D. Sterling as above, and their use and behoof as above set forth forever. In witness whereof, I, the said John L. Meagher aforesaid, have hereunto set my hand and seal this 20th day of December, A. D. 1870. John L. Meagher, Administrator of the Estate of Gottleib Schultz. Signed and delivered in presence of N. R. Maynard and G. G. Maynard."

The defendant contends that the deed conveyed no interest in the land therein to M. Wallace Sterling or to the plaintiffs, his widow and children, for the reason that it was an administrator's deed, and that the administrator had no authority to create a trust, and hence the deed conveyed the title to the defendant, George H. Sterling, and Byron D. Sterling. On the other hand, the plaintiffs contend that it was a trust deed; that the trustee accepted the trust and acted under its terms, and thus recognized the right of the cestui que trust according to the terms of the deed, and cannot refuse to carry out its terms in full, including the conveyance of the

land, or set up a title adversely to plaintiffs, or dispute the validity of the trust, especially for the trustee's own benefit.

It may be conceded that an administrator, as such, cannot ordinarily, if at all, convey land and impress upon it a trust; but if the trustee named in the deed accepts the supposed trust, and acts thereunder, he must assume its validity until it is actually impeached. He certainly could not allege the invalidity of his appointment as a defense for not accounting for the trust property. The defendant for a period of 26 years held and acted under this trust deed, collecting rents, and applied the same to the use and support of M. Wallace Sterling and his family. He and the other trustee, Byron D. Sterling, paid the consideration for the deed, and it may be assumed that the terms and conditions were inserted at their request, or at least with their knowledge and consent. And, if so, then they consented that the deed should be impressed with the trust therein declared, and which for so long a period they have not denied, rejected, or repudiated.

A trustee is estopped from denying the title or estate of the person for whose benefit it was created, and for whose use he holds it. The law regards with a jealous eye all transactions of a trustee with the cestui que trust's estate, and will not permit the trustee to take any undue or technical advantage over the cestui que trust. And this is equally as applicable to a trustee who holds for the benefit and protection of those entitled to the remainder as to those who are entitled to the immediate enjoyment of the estate given them. If a trustee does not wish to accept the trusteeship and be bound by the terms of the trust deed, he should not intermeddle with the matters at all; but, when he does accept, he must not do any act injurious to the estate. In this case defendant, Sterling, held the legal title in the property for the benefit of M. Wallace Sterling and these plaintiffs; and by the terms of the deed and by his own conduct he is estopped from claiming or having any personal right, interest, or estate in the property described in the trust deed. The recitals in the deed show that the probate court had acquired jurisdiction of the subject-matter, and that the administrator was duly licensed to sell at public vendue the property in question, and that the sale was duly made and confirmed; and, as the trustees accepted

the deed and acted under its provisions, they are bound by such recitals, and cannot now be allowed to assail the validity of the proceedings or the terms of the deed for their own benefit. Unless the beneficiaries consent, the trust created cannot be changed or altered by any one; nor can the trustees hamper or fetter its exercise so as to make it beneficial to themselves or to third persons. And the wilful refusal of the defendant trustee to convey to the plaintiffs, who are the beneficiaries under the trust deed, renders him liable to an action in their behalf to enforce their rights in the property in controversy.

Order affirmed.