LYONS, administrator, *v.* ARMSTRONG, *et al.*

McAULIFFE *v.* LYONS, administrator, *et al.*

1. Where a distributee cites an administrator to a settlement of his accounts before the ordinary, under the Civil Code (1910), § 4073, a stranger who is made a party can not in that proceeding set up an adverse title to the property sold by the administrator and elect to claim the proceeds from the sale of the property.
2. The amendment did not aver that the person named was a creditor of the estate by reason of any debt due from the decedent, but set up that he was entitled to the fund by reason of the ownership of the property sold by the administrator. Such amendment was properly stricken.
3. Where a proceeding originates in the court of ordinary, under the Civil Code, § 4073, and calls upon an executor or administrator for an account,

17

a citation is all the pleading that is necessary. Refusal to allow an amendment which raises no issue not included in the citation is not ground for a new trial.

4. An assignment of error to the admission of evidence is incomplete unless the record discloses the evidence, or its substance, which was excluded.

5. It is necessary, in order to review the direction of a verdict, that the evidence be contained in the record or the bill of exceptions.

AUGUST 18, 1914.

Appeal from court of ordinary. Before Judge Hammond. Richmond superior court. April 23, 1913.

*A. F. Purdy, T. S. Lyons,* and *Pierce Brothers,* for plaintiffs in error.

*H. C. Roney, W. K. Miller,* and *D. G. Fogarty,* contra.

EVANS, P. J. James P. Armstrong filed a petition in the court of ordinary, alleging: that Johanna McAuliffe died testate; that her estate was duly administered and her executor dismissed from the administration; that it thereafter appearing that certain property of the estate of Johanna McAuliffe, to wit, fifteen shares of the capital stock of the Irish American Bank of Augusta, had not been administered, letters of administration de bonis non, with the will annexed, were issued to T. S. Lyons; that after due application and advertisement Lyons, as administrator de bonis non, sold the bank stock for the sum of $2,190, and under the will of Johanna McAuliffe this stock constituted a part of the residue of her estate, and by the terms of her will duly probated the same was devised jointly to her daughter, Mary, and her son, Cornelius; that Mary assigned in writing to Armstrong all her right, title, and interest, as heir at law, legatee, or distributee under the will, or otherwise, to this stock; and that all the debts of the estate had been paid. The plaintiff prayed that Lyons, as administrator, be cited to show cause why he should not forthwith make an accounting and settlement, and distribute the estate, and pay over to petitioner his share thereof. The administrator answered, that he had the fund arising from the sale of the bank stock in hand, but was unable to admit or deny that Armstrong purchased the legacy of Mary McAuliffe; that William McAuliffe asserted a claim of ownership to five shares of the stock, alleging that the same was not a part of the estate of Johanna McAuliffe and should not be distributed as such, and further contended that the interest of Mary McAuliffe was conveyed to him, and that he was the sole heir at

law of all the estate. The administrator prayed that William Mc-
Auliffe be made a party to the proceeding. By amendment he
alleged that William McAuliffe now claims the entire proceeds of
the sale of the stock, and Armstrong claims one half thereof; and,
inasmuch as the subscription and payment for the stock were made
to the Irish American Bank, he prayed that this bank be made a
party, in order that the equities of the respective claimants might
be better determined. William McAuliffe and the bank were made
parties, and filed answers. William McAuliffe set up that the
shares of stock sold by the administrator were no part of the estate
of Johanna McAuliffe, but were his individual property; that when
he learned that it was proposed to administer upon the estate of
Johanna McAuliffe for the purpose of selling the fifteen shares of
bank stock, he protested to the administrator that there was no
necessity for the sale of the stock for purposes of administration,
that it belonged to him and was never owned by the estate; and
the administrator assured him that he would be protected by the
sale of the stock before the court of ordinary. He set up his owner-
ship in the stock, and averred that while he could proceed against
the Irish American Bank for the shares of stock, or the value
thereof, inasmuch as the stock had been sold by the administrator,
and to prevent a multiplicity of suits, he waives any action against
the bank, and ratifies the sale of the stock by the administrator, and
elects to receive the value of the stock as sold by the administrator.
The bank in its answer denied that William McAuliffe had any
interest in the stock sold by the administrator, and averred that it
was owned by Johanna McAuliffe at her death. The ordinary
rendered a judgment, from which an appeal was taken by William
McAuliffe to the superior court. The case before us is from excep-
tions to the rulings and judgment on appeal in the superior court.

1. The court struck the answer of William McAuliffe, on the
ground that he did not claim as a legatee or distributee of Johanna
McAuliffe, but adversely to the estate. The proceeding before the
court was an appeal from the judgment of the court of ordinary,
rendered in a citation by the assignee of a residuary legatee against
the administrator de bonis non, with the will annexed, to require
a settlement of assets of the estate in his hands. The only issues,
under the statute, which the ordinary can decide are those which
grow out of a settlement of the administrator's account. Civil

Code (1910), § 4073; *Cook* v. *Weaver,* 77 *Ga.* 9 (2). An adverse claimant to property in the hands of the administrator has no standing in that proceeding to have his claim adjudicated. The only issues involved are those which grow out of the settlement between the administrator and the distributees; and as William McAuliffe, in his answer, did not claim to be entitled under the will of Johanna McAuliffe to any of the funds arising from the sale of the bank stock in the hands of the administrator, his answer was properly stricken by the court.

2. The administrator moved to amend his answer by alleging that William McAuliffe claims that the estate is indebted to him in the sum of $2,190, arising from the sale of the bank stock, and praying the court to determine whether this sum be distributed or held subject to the demand of McAuliffe. This amendment was disallowed. The amendment was an attempt by the administrator to set up that William McAuliffe was entitled to the entire fund arising from the sale of the stock by virtue of its being his own. It was not averred that William McAuliffe was a creditor of the administrator's testatrix, because of any indebtedness due by her to him. The administrator could no more present this issue than could McAuliffe; and indeed, when the administrator applied to the ordinary for leave to sell this stock as the property of his testatrix, and the ordinary granted him leave to sell it as the property of his testatrix, he solemnly admitted in judicio that the stock belonged to his testatrix. *Miller* v. *Wilkins,* 79 *Ga.* 675 (4 S. E. 261).

3. The administrator further proposed to amend by alleging that Armstrong had no legal claim against the estate, and that there were other claims against the estate of higher dignity, sufficient to absorb all the funds in his hands. The court disallowed this amendment. Where a proceeding originates in the court of ordinary, and calls upon executors and administrators to account, a citation is all the pleading that is necessary. *Brantley* v. *Greer,* 71 *Ga.* 11. It would not have required any answer for the administrator to have contested the right of the applicant for citation to be paid out of any funds in his hands, either by showing that the applicant was not entitled to participate in the estate as legatee, or that there were creditors whose claims were sufficient to absorb the entire estate. The proffered amendment contained definite allegations that the applicant in the proceedings of citation for set-

tlement was not entitled to participate in the estate, but the allegation respecting the existence of creditors of the estate was too general and vague to constitute any issue. In view of the fact that the administrator could have submitted proof admissible under an issue made by the proffered amendment under the case as it already stood, a refusal to allow the amendment, even if it had been proper, was not prejudicial.

4. Complaint is made that the court refused to hear evidence that the applicant was not entitled to participate in the distribution of the fund in his hands, and that there were debts of superior dignity. The record does not disclose what testimony the plaintiffs in error offered to sustain these contentions; and for this reason the admissibility of that testimony is not before the court.

5. Complaint is made that the court erred in directing a verdict; but inasmuch as no evidence is set out in the record, this court can not consider that assignment of error.

*Judgment affirmed. All the Justices concur.*