ESTATE OF FOUKS: FOUKS, Administratrix, Appellant, vs. SAKRISON, Trustee, Respondent.

*December 5, 1933—January 9, 1934.*

W. T. *Doar* and W. P. *Knowles III,* both of New Richmond, for the appellant.

For the respondent there was a brief by *Varnum & Varnum* of Hudson and *White & White* of River Falls, and oral argument by *Robert G. Varnum* and *N. O. Varnum.*

A brief was also filed by *Miller, Mack & Fairchild* of Milwaukee, as *amicus curiæ.*

FOWLER, J. This is an appeal from an order of the county court of St. Croix county amending a judgment of that court affirmed on an appeal to this court in *Will of Fouks,* 206 Wis. 69, 238 N. W. 869. The ground of the motion to amend is that the judgment as entered contained a clerical error and does not express the intention of the county judge or the adjudication actually made.

The judgment amended was the final order made in settlement of a trustee's final account and concluded with the determination that "the same (account) is hereby approved and that the residue in the hands of such trustee *is the sum of $15,223.25* and that said residue . . . is hereby assigned to said Elsie L. Fouks in her capacity as administratrix, . . . and that upon the payment by such trustee *of said sum* to said Elsie L. Fouks . . . said trustee be discharged and the sureties on his bond released from liability."

No inquiry was made on the hearing as to the nature or value of the bonds, and the judgment was entered in form as stated.

The trustee received $15,000 in cash and invested it in bonds. At the time of the approval of the account he held bonds of—

| | | |
|---|---|---|
| Sherman Hotel Company of par value of | $5,000 | 00 |
| Citizens Telephone Company of par value of | 5,000 | 00 |
| Willow River Power Company of par value of | 5,000 | 00 |
| Cash representing income | 373 | 25 |
| | $15,373 | 25 |

The Willow River Power Company bonds were paid and the proceeds invested in United States three and a half per cent. Treasury bonds. It does not appear what the other bonds were worth at the time the trustee's account was approved, except as it may be inferred from the statement of the trustee's attorney that Mrs. Fouks could have either the bonds or the cash. The Sherman Hotel Company bonds have defaulted. They are now quoted at $16 or $17.50 the hundred. The investment in the bonds was not approved by the court. It does not appear that the bonds were such securities as the statute, sec. 231.32, requires for the investment of trust funds, and from their designation it is apparent that they were not.

After the return of the record from this court the trustee offered to the appellant the Sherman Hotel Company and

the Citizens Telephone Company bonds, and the Government Treasury bonds or the amount of the latter in cash. The appellant refused to accept the Hotel Company and the Telephone Company bonds. The motion was then made to amend the judgment, with view and purpose that upon the amendment being made the appellant would be compelled to accept the bonds at their face value towards satisfaction of her claim against the trustee and his bondsman.

The order was thereupon amended to read "that the account of the trustee be and the same hereby is affirmed and that the residue in the hands of such trustee valued at $15,223.75 consists of" bonds and cash as above stated, and "that the said residue be and the same is assigned to . . . (appellant), and that upon the delivery by said trustee of said residue to . . . (appellant) the said trustee be discharged and the sureties on his bond released from liability."

Independent of other consideration, we are of opinion that the order appealed from should be reversed for the reason that the original judgment as entered was the proper judgment to enter, and that a judgment in the form of and to the effect claimed for the amended judgment would be erroneous.

Trustees receiving money to invest should be required on final accounting to turn over to the beneficiary the amount of the money received, with its increment, unless they have either secured authority from the court to make a specific investment before making it, or invested the cash in securities such as sec. 231.32, Stats., designates. Better, and perhaps necessarily, they should have done both. Quite likely the approval of the court alone would not protect a trustee, if contested on appeal, for "Neither the trustees, nor the courts in passing upon the administration of trust estates, can disregard the safeguards prescribed by law." *Estate of Dreier,* 204 Wis. 221, 225, 235 N. W. 439. But as neither was done in the instant case we need not determine whether both must be done or whether one alone is sufficient. If the

needful has been done in this respect, and the trustee has acted in good faith and with due care in making his investments, no doubt the beneficiary must accept the specific securities in which the trustee has invested. But to invest in securities other than those prescribed by the statute, at least in absence of express authority from the court administering the trust, is in itself a want of due care as matter of law, and a trustee so careless must respond by turning over to the beneficiary the money he carelessly invested.

All this would seem to go without saying. There seems to be a dearth of authorities to the precise point of obedience to statutory requirements, but it is stated in the Tentative Draft No. 4 of the Restatement of the Law of Trusts, sec. 219 (b), that it is the duty of trustees "to conform to the statutes, if any, governing investment by trustees." It is stated in 2 Perry on Trusts, sec. 452, that "Trustees must be governed by the general rules of the court, or by the statutes and laws of the state in which the trust is to be executed." It is implied in *Will of Leitsch,* 185 Wis. 257, 201 N. W. 284, that investments by trustees must be made in such securities as the statute prescribes. Upon the general proposition of accounting, it was held in *Simmons v. Oliver,* 74 Wis. 633, 43 N. W. 561, that a trustee will not be protected against loss unless he loans upon government or real estate or other securities approved by the court; and in *Will of Leonard,* 202 Wis. 117, 230 N. W. 715, it was recently held that a trustee is properly chargeable with loss made upon inadequate securities without court approval.

*By the Court.*—The order of the county court is reversed, and the cause remanded with directions to enter an order vacating the order of amendment and denying the motion to amend.