SCHROEDER and others, Respondents, vs. AMERICAN NA-
TIONAL RED CROSS and others, Defendants: MILLER
and others, Trustees, Appellants.

*March 7—April 3, 1934.*

56

The cause was submitted for the appellants on the brief of *C. F. Kuchenberg* of Marinette, and for the respondents on that of *Smith & Smith* of De Pere and *Strehlow & Cranston* of Green Bay.

FOWLER, J. The appellant trustees contend: (1) That the court was without jurisdiction to declare a trust for want of jurisdiction of the subject-matter, and that the judgment purporting to establish the trust is therefore void; (2) that their trust is therefore extra-legal and they were not bound to make their investments according to the statute and are not required to account for cash but only for the securities held; (3) they also contend that they are not required to account to the American Legion Posts at all, although they do not suggest to whom, if anybody, they are accountable. They further contend (4) that the several Posts had knowledge of and consented to their precise method of investing the funds, and are estopped to refuse acceptance of the securities or their avails in lieu of cash, if they are accountable to them.

(1) (3) The contention that the judgment declaring the trust and appointing appellants as trustees is void rests upon the proposition that the courts of Wisconsin have no jurisdiction to apply the *cy pres* doctrine of the English courts of chancery, and that the judgment of the circuit court is based upon that doctrine. In our view of the case there is no need to consider the *cy pres* doctrine or whether our courts have jurisdiction to apply it. The War Chest Committee had in their hands money originally raised for the several national organizations named as defendants. The money having been raised for these organizations, it was for them to set up their claim thereto, if any claim they made. None of these organizations made any claim. They make no claim now, and it is now too late for them to make any claim if any they could make. Due service having been made upon them by publication of the summons, they are barred by statute, sec. 269.47, from asserting claim after three years from the entry of the judgment. As far as the fund is concerned the court manifestly had jurisdiction to determine the rights therein of the parties to the suit, and the rights of the respective parties were determined by that judgment. Whether they were determined rightly or wrongly is now immaterial. If erroneous the judgment was open to review by appeal, and it was open to review by the parties served by publication upon petition to open the case on application made pursuant to the statute above cited. But it is not subject to attack otherwise. It would seem quite plain also that the trustees, having accepted performance of a trust declared by the court, cannot attack the validity of their appointment or the validity of the judgment by which they were appointed trustees. If this were permitted no one else, after such time as has here elapsed, could assert claim to the fund, and they could apparently convert it to their own use with impunity. We know of no such method of legalizing

embezzlement. It is stated in 1 Perry on Trusts (7th ed.), sec. 260, that a trustee is estopped to deny the legality of his appointment; also that he is estopped to deny the title of the person for whom he holds. It is also there stated that he is estopped to deny the validity of a conveyance to him. If he may not attack the validity of the conveyance under which he acts, it would seem that he may not attack the validity of a judgment declaring the trust which he has accepted. *Harbin v. Bell,* 54 Ala. 389; *Saunders v. Richard,* 35 Fla. 28, 16 So. 679; *Smith v. Sutton,* 74 Ga. 528; *Guilfoid v. Arthur,* 158 Ill. 600, 41 N. E. 1009; *Sterling v. Sterling,* 77 Minn. 12, 79 N. W. 525; *Associate Alumni, etc. v. General Theology Seminary, etc.* 26 App. Div. 144, 49 N. Y. Supp. 745; *Ownes v. Ownes,* 23 N. J. Eq. 60. There is a further treatment of this subject by Perry in section 433. It is there stated:

"Under no circumstances can a trustee claim or set up a claim to the trust property adverse to the *cestui que trust,* nor can he deny his title."

Many cases are cited to the first proposition and to the latter. *Von Hurter v. Spengeman,* 17 N. J. Eq. (2 Green.) 185, is cited in addition to the *Associate Alumni Case, supra.*

(2) We are of opinion that from the above it follows, as held by the learned circuit judge, that the funds received by the trustees should have been invested in such securities as sec. 231.32, Stats., designates. *Estate of Allis,* 123 Wis. 223, 101 N. W. 365; *Will of Leitsch,* 185 Wis. 257, 201 N. W. 284; *Estate of Dreier,* 204 Wis. 221, 235 N. W. 439; *Estate of Fouks,* 213 Wis. 550, 252 N. W. 160. It is clear that the fund was not so invested, and the trustees must pay over to the several Posts in cash unless the Posts are estopped by their conduct from accepting the securities in which the trustees have invested. It is to be borne in

mind that there is no order of court purporting to authorize or to approve any of the investments made by the trustees, or the general agreement with the investment company from whom they purchased the securities, by which the company was to take back at the purchase price or substitute other securities for any securities purchased with which the trustees became dissatisfied. Whether such an order would have protected the trustees is beside the case. That it would have done so if properly contested is doubtful. *Estate of Fouks, supra.*

(4) The learned trial judge found that "there was no waiver of the right to object on the part of the plaintiffs [American Legion Posts] or any of them to the investment of the portions of the trust fund by the trustees in the illegal investments . . . nor were the plaintiffs or any of them estopped to object to such investments."

The trustees contend that this finding should be set aside as not supported by the evidence. We do not regard it as "contrary to the great weight and clear preponderance of the evidence" and therefore cannot disturb it. While it is true that some of the Posts accepted as advancements some securities in lieu of cash, no mention was ever made to them that the bonds so accepted did not satisfy the statutory requirements, or that the statute imposed any requirements as to the nature of the investments to be made. It does not appear that any of the members of the Posts knew of the statutory requirements. A waiver is the voluntary relinquishment of a known right. No action was taken by any of the Posts. A committee appointed by Budlong Post conferred with one of the trustees about investment of the funds, and reported to the Post that the "trustees [appellants] are confident of the security of the fund and the Legion need not worry for its interest in the fund." The matter rested there as to this Post. It does not appear that any action whatever respecting the investment of the

fund was taken by any other Post. We cannot hold the Posts or any of them are estopped by these facts from claiming that the trustees breached their trust in investing the fund contrary to the statute.

*By the Court.*—The judgment of the circuit court is affirmed.