Estate of Grotenrath : Grotenrath, Executrix, Appellant, vs. Grotenrath and others, Respondents.

*December 6, 1934—January 8, 1935.*

*Alvin M. Strnad* of Milwaukee, for the appellant.

For the respondents there was a brief by *Hugo J. Trost* and *Gilbert L. Klein,* both of Milwaukee, and oral argument by *Mr. Klein.*

FOWLER, J.   The claim of the appellant is that the trustees were obligated to invest the trust estate in such securities as sec. 231.32, Stats., prescribes.   The claim of respondents is that they were not required so to do because sec. 231.34, Stats., permits the trustees under a will to hold investments that were made by the testator in his lifetime.   The statute cited is not so broad as the respondents claim.   It only purports to authorize the carrying of such investments upon obtaining an order from the county court authorizing the holding of the same for such period of time as shall be designated in said order.   No such order was procured in the instant case.   Moreover, it is an entirely new statute, ch. 379, Laws of 1933, and did not become effective until July 11, 1933. The statute therefore affords no justification to the trustees for not investing the trust property in such securities as the statute requires.

It was early held in this state that trust funds may not be invested in stocks.   *Simmons v. Oliver,* 74 Wis. 633, 43

N. W. 561. Courts do not sanction the investment of trust funds by a trustee in stock of private business corporations in the absence of permissive statute or authority of the instrument creating the trust. Perry, Trusts, § 456. The proper investment of trust funds has recently been considered in *Estate of Fouks,* 213 Wis. 550, 252 N. W. 160, and *Schroeder v. Miller,* 215 Wis. 54, 254· N. W. 371. There is no need for further discussion of the subject here. Shares of stock should be sold by trustees, and a sound discretion should be used to sell in the most advantageous manner, and at the most advantageous time. Generally speaking they should be sold within one year. Perry, Trusts, § 439.

It is apparent from the above that the holding of the stock as part of the trust funds was a breach of trust by the trustees. But if a *cestui que trust* concurs in a breach of trust or acquiesces in it for a long time, he is barred from relief although he did not originally concur in it. But in either such case he must know the facts or it is otherwise. And acquiescence cannot be inferred until he has actual knowledge of the facts, for it is the duty of the trustee to execute the trust and not that of the *cestui que trust* to make inquiries. Perry, Trusts, §§ 849, 850.

From the above it follows that, if Edward concurred or acquiesced in the carrying of the stocks and securities by the trustees with knowledge of the manner of the form in which· they were held, he was barred from relief for the breach of the trust in so holding them. The only finding respecting this matter is "that for more than nine years prior to his death . . . [he] never objected to the holding of stock of the American Machinery Company by said trustees, and never requested the sale or disposition thereof." .While there is here no finding of knowledge on his part, the facts clearly show that he had knowledge as to the holding of the machinery company stock, and the finding in view of the admitted facts barred him from relief as to that stock. As

he was entitled to no relief as to that stock during his lifetime, his executrix is entitled to none for what occurred up to the time of his death.

This, however, does not cover the whole case. The statement of facts shows that the trustees received two other blocks of stock inventoried at $9,500 besides numerous other items inventoried at small value. The report of the trustees which they ask to be approved also shows that they have first mortgage bonds secured by Chicago property inventoried at $700, which were purchased by them with trust funds. There is not a word in the findings or in the record respecting Edward's knowledge of these holdings or the value of any of these items except the Milwaukee Electric Railway & Light Company stock inventoried at $4,200 which is now worth $3,400. The record does not show that the $700 in bonds is such an investment as the statute permits. It was stated on the argument that these bonds are now worthless, and that other items of stock other than the machinery company stock are worthless or greatly depreciated. No evidence was taken upon the hearing of the petitions. Counsel made statements orally of such facts as at the moment came to mind that they considered material. Upon the statement counsel for the appellant stated that he did not care to offer any evidence. Counsel for the trustees said he desired to introduce evidence, but the court said it was not necessary and forthwith denied the petition of the appellant, affirmed the report of the trustees carrying all trust property at its original inventoried value, and authorized the trustees to continue to carry the trust property in its present form until the further order of the court.

We cannot approve of this manner of disposing of the matters raised by the two petitions before the court. We conclude to reverse the order appealed from and remand the record with directions to proceed with the hearings upon the petitions and take evidence and show the facts in detail as to

all matters at issue thereunder. While it does not appear that the appellant has suffered any loss since the death of her husband by continuance of the *status quo,* and this may be an inopportune time to convert the securities into such as the statute requires and continuance of the *status quo* for the present may be advisable, the approval of the items of the account other than the machinery company stock at its original inventoried value was erroneous if Edward did not have actual knowledge of the forms in which they were held so as to foreclose his right to have them converted into such securities as the statute prescribed for the investment of trust funds. The trust must soon terminate, as the life tenant is now over eighty-two years of age. When the final account of the trustees comes up for hearing and distribution of the trust estate is made, the rights of appellant should not be foreclosed by any such unsupported and summary approval of the trustees' conduct as the record herein shows. To approve the order appealed from would do great violence to the law and to acceptable practice, although it may be that it will appear upon proper and full hearing that Edward's knowledge of the breaches of the trustees in carrying the trust property in improper securities will bar the appellant from relief.

*By the Court.*—The order of the county court is reversed, and the record is remanded with directions for further proceedings in accordance with the opinion.