EQUITABLE TRUST COMPANY, a corporation of the State of Delaware, Trustee under the will of Martha McComb Bush, deceased,

*vs.*

ELEANOR SNADER, CRAIGE McCOMB SNADER, JUNIOR, ALICE DANFORTH OATES, REGINALD BARRINGTON OATES, DANFORTH NEVIT OATES, JOSHUA DANFORTH BUSH, JUNIOR, HENRY McCOMB BUSH AND MARY MINOR BUSH.

*New Castle, July 20, 1934.*

*Robert H. Richards,* of the firm of Richards, Layton & Finger, for complainant.

*Clarence A. Southerland,* of the firm of Ward & Gray, for Eleanor Snader, Joshua Danforth Bush, and Henry McComb Bush.

*Charles F. Richards,* for guardian *ad litem* of minor children of the adult defendants.

THE CHANCELLOR: The trustee desires to be instructed upon whether or not it may invest the proceeds of per-

sonalty in securities not included in the classes of "legals" specified in sub-paragraph (B) of *Section* 3875 of the *Revised Code* of 1915, as amended by 37 *Delaware Laws, Chapter* 259, § 1, without incurring the risk of the consequences which ensue upon departing from the list of "legals" specified in the statute. The answer to the question depends upon whether or not the will under which the trust was created reveals an intent on the part of the testatrix that the matter of investments should be so far left to the trustee's discretion that the statutory definition of what investments are legal might be disregarded. *Wilmington Trust Co., et al., v. Worth, et al.,* 19 *Del. Ch.* 314, 167 *A.* 848. When discretion to that extent is claimed, the revelation of an intent to confer it must be clearly manifest. *In re Taylor,* 277 *Pa.* 518, 121 *A.* 310, 37 *A. L. R.* 553; *Brown, et al., v. Brown, et al.,* 72 *N. J. Eq.* 667, 65 *A.* 739, 744. In the case of *In re Barker's Estate,* 159 *Pa.* 518, 28 *A.* 365, 367, 368, it was said—"where such a provision is relied on, it is for the trustee to establish it with the utmost clearness, and, when shown, it will be strictly construed."

We must then turn to the will in this case to see if any warrant can be found therein for the contention advanced by the life beneficiaries that the trustee is vested with a discretion to step outside of the statute's "legals."

The trust corpus is composed of real and personal property. The trust in general is "to hold the said real estate and personal property, and to invest the said moneys and keep the same invested," etc. (Item 13.) There is of course nothing in that language which reveals the conferring of an investment discretion in the trustee broader than the statutory measurements.

But it is said Items 14 and 15 contain language which reveals such broader discretion. Item 14 authorizes the trustee to sell any of the real estate with the concurrence of the life beneficiary whenever it deems a conversion of the real estate to be beneficial to the trust and "the proceeds

of any such real estate to be by said Trustees (now a single trustee) reinvested in their (its) discretion and with the concurrence as aforesaid either in whole or part in other real estate or securities." Item 15 authorizes the trustee to invest the proceeds of the sale of any personal property in real estate, with the concurrence of the life beneficiary, whenever in the trustee's "judgment, sustained by the concurrence aforesaid, such purchase shall be for the benefit of the trust." Item 15 further empowers the trustee, with the concurrence of the life beneficiary, "to call in and convert the said securities or investments and re-invest the same, in the same or other securities or in the purchase of real estate as hereinbefore specified, and so from time to time and so often as it shall be deemed expedient for the furtherance and benefit of the trust."

Two deductions are drawn by the adult defendants from Items 14 and 15 which are said to sustain the width of discretion contended for as reposed by the testatrix in the trustee.

The first is drawn from the language found in Item 14 wherein the testatrix authorizes proceeds from real estate "to be by said trustees re-invested in their *discretion* and with the concurrence as aforesaid either in whole or in part *in other real estate or securities.*" From this language the adult defendants draw the conclusion that discretion is conferred on the trustee to select from securities generally the types for investment without regard to the statute's permissive classification. Their conclusion is based on the proposition that the phrase "in their discretion" modifies the words "re-invested * * * in other * * * securities." But it is plain that the phrase in its context is quite logically capable of meaning that the discretion is confined simply to the matter of choice between realty and personalty as media for reinvestment. If so, when the choice has been made between realty and personalty as the desirable form in which a given reinvestment is to be

placed, it has expended itself; and, as to the part that has been determined to be placed in securities, there is no indication that discretion was further intended to be conferred broader than the statute allows. The principle of strict construction requires that that one of two possible constructions should be adopted which opposes the existence in the trustee of a wide discretionary power. In *Brown, et al., v. Brown, et al., supra,* the will authorized the trustee to invest proceeds from real estate in either real estate "or in sound, productive securities, such as they may deem best, or in both real estate and securities." The language of the will in that case is certainly not less indicative of a discretion in the matter of selecting personal securities for investment than is the language of the will in this one. It seems to me to be more so. Yet in that case the Vice-Chancellor felt impelled by the force of prior decisions to hold, against his personal belief as to the testator's intent, that the wide discretion contended for was not manifested with sufficient clearness to make him feel safe in declaring it to exist.

The second deduction before referred to is drawn from the circumstance that as an investment in real estate is not among the "legals" permitted by the statute and as the testatrix clearly authorized the trustee to invest in real estate, it follows that the testatrix meant her trustee to manage the trust without regard to the statute's standards for trust investments. This argument amounts to saying that because the testatrix was willing to have her trustee depart from the statutory list as regards one type of investment, viz., real estate, therefore she was willing that her trustee should be permitted to depart from the list as regarding all other types of investment. Putting it in another and more emphatic way, the argument amounts to this—that because the testatrix made an addition of real estate to the legals she must be considered as having intended to make an addition of all other kinds of investments to the legals. The

argument contains a *non sequitur*. If any thing of testamentary intent is to be predicated on the fact that real estate investments were added by the testatrix to the list of permissible investments, the deduction therefrom, instead of being of aid to the adult defendants in the manner above suggested, might be turned against them. Why might it not be said—if the testatrix especially designated the non-legal, real estate, as proper for investments, she must be considered as desiring that other non-legals should be avoided —on the principle of *expressio unius est exclusio alterius?*

The foregoing discussion shows out of what debate and doubt the discretion contended for, if it exists, must be evolved. The case is not one where an intent to confer the wide discretion contended for is manifested with utmost clearness. In *Re Barker's Estate, supra,* it was said that where extra statutory discretion is claimed for a trustee, "all doubts should be resolved against the party asserting it." Since the primary object to be attained by a trustee in the matter of investing the funds committed to his control is their safety, [*In re Cook's Estate, ante p.* 123, 171 *A.* 730], and since the list of legals prescribed by the statute is supposed best to guard that safety, it is reasonable to say, as courts have, that whenever a discretion is sought to be recognized which could disregard the safeguards that the statute provides, if doubt exists concerning the existence of the discretion it ought to be denied.

Decree in accordance with the foregoing.