ESTATE OF ALLEN : COLE and others, Respondents, vs. GREENE, Trustee, Appellant.

*March 6—June 4, 1935.*

352

For the appellant there was a brief by *Rix, Barney &
Kuelthau,* attorneys, and *Carl B. Rix* of counsel, all of Mil-
waukee, and oral argument by *Mr. Rix*.

For the respondents there was a brief by *Randall, Cavanagh, Stephenson & Mittelstaed* of Kenosha, and oral argument by *R. P. Cavanagh* and *R. S. Stephenson.*

The following opinion was filed April 2, 1935:

FAIRCHILD, J. The responsibilities of a trustee require an administration of the trust with the sole object of serving the trust estate and guarding the interests of the beneficiaries. The mere direction to the trustee to use his best skill and judgment and a permission to invest in one particular form of investment, in addition to those specified by law, does not enlarge his powers and discretion so as to permit the investment of the funds of the estate in securities beyond those directly approved. *Estate of Fouks,* 213 Wis. 550, 252 N. W. 160. Unless otherwise expressly directed by the will or instrument of trust, the trustee is to invest the funds in obligations described in sec. 231.32, Stats.

Under the facts stated, it is necessary only to consider the rule governing investment of trust funds in mortgages. There is one limitation at least which is material in this case. The proportion of the trust fund that may be invested, when the value of the security is dependent upon the same persons, firms, or associations, shall be limited to thirty per cent of the trust fund when it exceeds $20,000, but does not exceed $50,000. The language of the will which provides for investments after the changing of the character of those made by the creator of the trust in her lifetime, is found in paragraph 7 and in the words "shall keep the same invested in interest-bearing securities and income producing property." The meaning of those words is not amplified into a discretion to ignore the statutory limitations by the words in the same paragraph reading: "Shall keep the insurable portion, if any such there be, insured in safe, responsible insurance companies; shall keep all buildings and improvements thereon, if

any such there be, in reasonably good repair and condition." There is nothing in the last quotation, nor do we find anything in the will, which confers power upon the trustee to invest moneys of the trust estate in mortgages that do not measure up to the statutory requirements of trust investments. An interpretation of paragraph 7 to the effect asked for by the appellant would result in establishing a limitation of the liability of the trustee giving her a wide discretion in the management of the trust, throwing protection around her, and resulting in a consequential disregard of the safety of the fund and the interests of the ultimate beneficiaries where no exception was provided for. Exoneration or immunity clauses of such a nature cannot be found in a trust except where that purpose is made clear by the will or instrument of trust.

The trustee started upon the administration of the trust with a fund of $36,132 in cash. She loaned the entire amount, with the exception of $132, to the North Shore Realty Company. The amount loaned exceeded thirty per cent of the trust property. While she was given discretion in the matter of retaining investments made by the testatrix, that permission to use her discretion terminated when those investments were converted into cash. Thereafter, in her choice of investments, she was controlled by the limitations of the statute which prescribes and defines investments for trustees.

The will does contain permission to invest in income-producing property, and it is argued that, since by paragraph 7 she was required to invest in interest-bearing securities and income-producing property, she might have, in accordance with the provisions of the will, invested this fund in income-producing property, to wit, real estate. It is unnecessary for us to deal with this point in the argument. She did not purchase real estate and she did not invest in such interest-bearing securities as the law requires. We do not find in the language of the will the indications that must necessarily

exist to confer discretion upon the trustee to invest in interest-bearing securities otherwise than as provided for by law.

The creator of the trust evidently knew the distinction between trust and nontrust investments. She had faith in her own judgment. She excused her executor and trustee from any liability for losses occurring before the conversion of such nontrust securities into cash by expressly permitting the trustee to retain such securities until, in her judgment, they should be parted with. She required only that the trustee exercise her best judgment and good faith in holding or selling. In dealing with the investments made by herself, the testatrix gave express directions necessary to protect the trustee if she continued to hold the nontrust investments and exonerated her from accountability in case of loss. The trustee having determined to invest in mortgage securities, and the creator of the trust not having granted permission to go outside of the statutory limits of trust investments in this regard, the trustee was bound to respect the provisions of sec. 231.32, Stats.

We do not find it necessary to treat with the contention that there was error in the lower court's conclusion that the investment made by the trustee was without any authorization by the court or the beneficiaries of the trust. The contention that the letters of trust issued to the appellant authorized the course followed by the trustee cannot be sustained. The letters do not amount to an interpretation of the will, and did not authorize the trustee to do anything contrary to the terms thereof. The investment being one not authorized by law, the trustee is personally accountable to the trust estate and is responsible for the amount as found by the county court.

*By the Court.*—Order affirmed, and cause remanded for further proceedings according to law.

A motion for a rehearing was denied, with $25 costs, on June 4, 1935.