THE UNION NATIONAL BANK OF WILMINGTON, a corporation of the United States of America, Executor and Trustee under the Last Will and Testament of William L. EDISON, deceased,

*vs.*

THOMAS WILSON, BLANCHE TRAVERS EDISON, MARION EDISON OSER, MADELEINE EDISON SLOANE, CHARLES EDISON and THEODORE M. EDISON.

*New Castle, April 7, 1942.*

*William S. Potter,* of the firm of Southerland, Berl, Potter & Leahy, for complainant.

*Caleb S. Layton,* of the firm of Richards, Layton & Finger, for Blanche Travers Edison, one of the defendants.

THE CHANCELLOR: William L. Edison, late of Christiana Hundred, New Castle County, died August 10th, 1937. Prior to his death, he had executed an instrument in writing which purported to be his last will and testament, and which

was proved as such on August 18th, 1937. The Union National Bank of Wilmington was the executor of that instrument and the trustee of the important trust created thereby, and qualified in both capacities.

Thomas A. Edison, the father of William L. Edison, both by deed and by will, had previously created trusts of considerable sums of money for the latter's benefit during his lifetime.

The will in part provided that a "beneficiary who shall not leave lawful issue him or her surviving, may dispose by will of one-third of his or her share of the trust estate or, in case of intestacy, such third shall form a part of his or her estate."

The trust deed directed the trustee therein named to assign the corpus of the fund "to such persons and in such shares, interests and proportions absolutely or in trust as the Beneficiary shall, by his last will and testament, designate and appoint."

Pursuant to these provisions, the will of William L. Edison provided:

"Fourth, In furtherance of my intention fully to exercise the powers of appointment given me under various trusts created for me by my father, Thomas A. Edison, during his lifetime, and by his last Will and Testament, I do hereby exercise said powers of appointment, as follows:

"(a) I direct that the proceeds of the said various trusts, after deducting therefrom the sum of Two Hundred, Twenty-six Thousand Six Hundred and Sixty-six Dollars ($226,666.00), shall fall into and become a part of my residuary estate.

"(b) I give, devise and bequeath the said sum of Two Hundred and Twenty-six Thousand Six Hundred and Sixty-six Dollars ($226,666.00) unto The Union National Bank of Wilmington, a corporation of the United States of America, its successors and/or assigns, to have and to hold the same forever, but in trust, nevertheless, for the following uses and purposes:

"(1) To invest, reinvest and keep invested the same during the trust term to be measured by the life of my wife, Blanche Travers Edison, of New Castle County and State of Delaware.

"(2) To collect and receive all dividends, interest and income of whatsoever nature on all moneys, bonds, stocks or other obligations and property at any time held by the Trustee hereunder; and to receive any and all sums at any time payable in respect of any shares of stock, bonds, or other obligations, securities or property which may be subject to the provisions of this trust or which may be collectible by the owner of any such shares of stock, bonds or other obligations, securities or property.

"(3) During the trust term, after first deducting all expenses attendant upon the execution of the trust, to pay over the net income thereof to my wife, Blanche Travers Edison, in quarterly instalments of equal amount or as nearly equal as possible."

The same instrument further provided:

"(4) Upon the decease of my said wife, Blanche Travers Edison, to convey, transfer, deliver, pay and set over the capital of such trust fund as it shall then exist, with all gains and increases of capital, absolutely and in fee simple, to such person or persons and in such shares and proportions as my said wife, Blanche Travers Edison, shall by her last Will and Testament, or her Codicil thereto, elect and appoint; and in default of such trust or appointment, or in so far as such trust or appointment shall be ineffectual, then and in that event to convey, transfer, deliver, pay and set over the capital of such trust estate as it shall then exist, with all gains and increases of capital thereof, to my next of kin then living, who would be entitled to share in my estate, under the statutes now in force in the State of Delaware regulating the distribution of the property of intestate decedents."

William L. Edison left no lawful issue to survive him, and it is conceded that the execution of this instrument was a valid exercise of the powers vested in him over the fund appointed. There were other provisions in his will for the benefit of both Frances L. Travers and Thomas Wilson; the latter provision was in trust, but neither took effect, though both legatees survived the testator. Frances L. Travers renounced her legacy; and, as Mr. Edison's individual estate was not sufficient to pay his debts and testamentary expenses, there were no funds applicable to the Wilson trust.

Blanche Travers Edison, the widow of William L. Edison, and the other defendants in this proceeding, who were his next of kin, survived him.

On February 7th, 1941, The Union National Bank of Wilmington, as executor of William L. Edison, transferred to itself, as trustee, $503.45 in cash, and securities appraised as of the date of his death at $183,891.54. Both the cash and securities so transferred represented property which was apparently received by the complainant as executor under the powers of appointment exercised by Item Fourth of Mr. Edison's will. On April 11th, 1941, the complainant, as trustee also received $741.19, which constituted the final distribution by the trustee of the trust fund created by the will of Thomas A. Edison, deceased; and which said sum was also transferred pursuant to the powers of appointment exercised by Item Fourth of the testator's will. The complainant as trustee, therefore, has in hand cash and securities at their appraised value amounting in the aggregate to $185,136.18. As executor of William L. Edison, the complainant also received $18,892.74, being the accrued income on the fund appointed in trust for the benefit of Blanche Travers Edison between the death of Mr. Edison and February 7th, 1941, when that fund was transferred to the trustee. Ten Thousand, Five Hundred ($10,500.00) Dollars of that income has been paid to Mrs. Edison, the life beneficiary, on account; and one of the questions to be determined is whether she was entitled to any income on the corpus of the trust during that period, and if so what?

*Chapter* 117 *of the Revised Code of* 1935, *as amended by Chapter* 207 *of Volume* 41, *Laws of Delaware,* provides, in part:

"Section 35B. Every pecuniary bequest in trust shall, unless otherwise provided in the will making such bequest, bear interest from the date of the testator's death to the date of the payment of such bequest, at the rate of four per centum per annum, and such interest shall be payable in lieu of any other payments of income or allowances to the person or persons entitled to the income of such trust had such bequest been paid to the trustee thereof immediately upon the death of the testator."

Four percent on the corpus of the trust fund paid to

the complainant as trustee would materially exceed the amount of income realized thereon between the date of Mr. Edison's death and February 7th, 1941; but one of the questions is whether the statute providing for that rate is applicable.

The statute law relating to the investment of trust funds, appears in *Chapter* 259, *Volume* 37, *Laws of Delaware, as amended by Chapter* 230, *Volume* 40, *Laws of Delaware, as amended by, Chapter* 149, *Volume* 42, *Laws of Delaware,* and as further amended by an act of the Legislature, which was approved by the Governor and became effective April 17th, 1941, *Chapter* 224, *Volume* 43, *Laws of Delaware.*

All of the securities transferred to and now held by the complainant as trustee, consist of high grade, low interest bearing investments, expressly permitted by these statutory provisions as they exist to-day, and as they have existed since the creation of the trust provided for in item fourth of Mr. Edison's will. But another question is whether that instrument permits the adoption of a more liberal investment policy by the trustee.

The corpus of the fund now held by the complainant as trustee for Blanche Travers Edison during her life time, never belonged to the estate of William L. Edison. *Highfield vs. Delaware Trust Co.,* 4 *W. W. Harr.* (34 *Del.*) 290, 152 *A.* 117, *affirmed* 4 *W. W. Harr.* (34 *Del.*) 306, 152 *A.* 124; *Equitable Trust Co. v. Snader,* 17 *Del. Ch.* 203, 151 *A.* 712. He exercised the powers given him and thereby created the trust for her benefit; but she is, nevertheless, a recipient of the bounty of Thomas A. Edison, through the agency provided for by him. *Wilmington Trust Co. v. Wilmington Trust Co.,* 21 *Del. Ch.* 102, 180 *A.* 597; *Id.,* 21 *Del. Ch.* 188, 186 *A.* 903; *Wilmington Trust Co. v. Wilmington Trust Co.,* 25 *Del. Ch.* 121, 15 *A.* 2d 153, *affirmed post page* —, 24 *A.* 2d 309; *Equitable Trust Co. v. Snader, supra;* 49 *C. J.* 1276. The powers given Mr. Edison were general. They were not

limited to the benefit of any particular class of persons, and could have been exercised in favor of his estate; but he did not see fit to do that. The distinction between a mere power and a property right is vital, and that is the decisive factor in this phase of the case.

The statute providing for the payment of interest at the rate of four per cent from the testator's death to the date of payment on "every pecuniary bequest in trust * * * unless otherwise provided in the will making such bequest * * *" (*Chapt. 117, Rev. Code 1935, as amended by Chapt. 207, Vol. 41 Laws of Delaware*) was not intended to apply to a case of this nature. A subsequent paragraph provides that it shall not apply "to the distribution of any estate under a will admitted to probate prior to the passage of this Act." The use of the words "distribution of any estate" under a will are significant. The disposition of property by the exercise of a power of appointment by will is not a real testamentary act in any true sense of the word. See *Pouey v. Hordern*, [1900] 1 *Ch.* 492. Conceding that in some cases the Act in question broadens the prior general rules regulating the payment of equitable income or interest, for the benefit of the equitable owner for life, on legacies in trust, prior to their actual payment to the trustee, the defects in the law sought to be remedied and clarified, would have only applied to a bequest of funds actually belonging to the estate of William L. Edison. See *Security Trust Co. v. Bulcroft*, 21 *Del. Ch.* 242, 187 *A.* 13; *Equitable Trust Co. v. Kent*, 11 *Del. Ch.* 334, 101 *A.* 875; *Farmers' Trust Co. v. Mackey*, 22 *Del. Ch.* 326, 2 *A.* 2d 282; *Davidson v. Wilmington Trust Co.*, 23 *Del. Ch.* 1, 2 *A.* 2d 285; *Scott on Trusts*, §§ 234.2, 234.3. This conclusion is not seriously questioned by Mrs. Edison. One of the funds now composing a part of the trust, and by which income was earned, was originally created by the last will and testament of Thomas A. Edison; but it is not contended that that makes the statute applicable to the facts.

Mrs. Edison is, however, entitled to the whole of the income earned by the trust fund appointed for her benefit, from the date of her husband's death to the time when the cash and securities represented thereby were delivered to the complainant as trustee; but the amount due is subject to a deduction of the $10,500.00, already paid her on account. This case is analogous to a specific legacy, such as of interest-bearing securities. *Scott on Trusts* § 234.1. In the absence of some provision to the contrary, a bequest of specific personal property, or of a specific existing fund, ordinarily carries any and all interest or income that may arise therefrom from the date of the testator's death. *Equitable Trust Co. v. Kent,* 11 *Del. Ch.* 334, 101 *A.* 875; *Custis v. Potter's Adm'r.,* 1 *Houst.* 382, 68 *Am. Dec.* 422; 2 *Scott on Trusts,* § 234.1; 4 *Page on Wills* (L. T. Ed.) §§ 1591, *p.* 525, 1599, *p.* 551. When such property is bequeathed, it is regarded as having been wholly separated from the bulk of the testator's personal property, and in most cases, so far as the ultimate payment of any interest or income accruing thereon is concerned, is not affected by the usual rules prescribing the time for the settlement of estate. *Custis v. Potter's Adm'r., supra;* 4 *Page on Wills, supra,* § 1597. In the absence of a contrary intent, if a specific legacy "is given in trust to pay the income to one beneficiary for life, with remainder over, the life beneficiary is entitled to the income" accruing thereon from the date of the testator's death. *Scott on Trusts,* § 234.1; 69 *C. J.* 784. The application of the same general principles would seem to be no less appropriate when a trust fund, on which a person is entitled to the income for life, is created by the exercise of a testamentary power of appointment over a specific interest-bearing fund, created by another, and which had never composed a part of the donee's personal estate. *Ashton v. Wilkinson,* 53 *N. J. Eq.* 227, 30 *A.* 895, 35 *A.* 1130; *Loring v. Massachusetts, etc., Society,* 171 *Mass.* 401, 50 *N. E.* 936; *Vestry of Emanuel Church v. Safe Deposit & Trust Co.,* 169 *Md.* 28, 179 *A.*

164; 4 *Page on Wills, supra,* § 1597, *p.* 546; 69 *C. J.* 1265. Moreover, in such cases, ordinarily the fund appointed is due and payable when the exercise of the power becomes effective. *Vestry of Emanuel Church v. Safe Deposit & Trust Co., supra;* 4 *Page on Wills, supra,* §§ 1590, *p.* 526, 1597, *p.* 546.

The Central Hanover Trust Company of New York was the trustee under the will of Thomas A. Edison, and the successor trustee under the trust deed of October 2nd, 1925, executed by him. But the parties to this action concede that a new trust, subject to the laws of this State, was created by the last will and testament of William L. Edison, in which he exercised the powers of appointment vested in him. *Wilmington Trust Co. v. Wilmington Trust Co.,* 25 *Del. Ch.* 121, 15 *A. 2d* 153, *affirmed post page* 397, 24 *2d* 309; *Security Trust Co. v. Crumlish,* 21 *Del. Ch.* 208, 187 *A.* 20. They concede that the provisions of that instrument relating to the administration of the trust created thereby, are in all respects legal and within the scope of the powers given the donee by Thomas A. Edison. See *Wilmington Trust Co. v. Wilmington Trust Co., supra.* They likewise concede that whether the authority of the trustee to invest the corpus of the fund is restricted by the statute ordinarily regulating the investment of trust funds, depends on the provisions of William L. Edison's will. *Equitable Trust Co. v. Snader,* 20 *Del. Ch.* 278, 174 *A.* 132; 2 *Scott on Trusts,* 1226, *supra.* That instrument does not expressly authorize the trustee for Mrs. Edison to invest the corpus of the fund in securities not authorized by the statute; but broader powers are necessarily implied from the language used. Mr. Edison, in terms, bequeathed to the complainant as trustee, a certain sum of money out of the trust estates created by his father, Thomas A. Edison. In his will, he authorized the complainant "to invest, reinvest and keep invested the same (the corpus) during the trust term to be measured by the life time of my wife, Blanche Travers Edison."

But he did not stop there; other provisions appear. While he did not expressly authorize the investment of funds in shares of corporate stock, he did authorize the trustee "to collect and receive all dividends, interest and income of whatsoever nature on all moneys, bonds, stocks or other obligations and property at any time held by the trustee hereunder."

He also authorized the trustee "to receive any and all sums at any time payable in respect to any shares of stock, bonds, or other obligations, securities on property which may be subject to the provisions of this trust or which may be collectible by the owner of any such shares of stock, bonds or other obligations, securities or property."

When the will is read as a whole, the necessary inference, therefore, is that William L. Edison intended to permit the trustee to invest a portion of the fund in shares of corporate stock; to hold otherwise, would compel me to disregard the repeated references thereto in his will. The trustee could not collect and receive dividends or sums of money on shares of stock unless some portion of the corpus of the trust could be invested in that manner. The original trust instruments executed by Thomas A. Edison for the benefit of William L. Edison, did not permit any such investments. The language used in the will of William L. Edison, therefore, seems all the more significant. Conceding that it must be construed rather strictly in determining whether the statutory provisions govern (*Equitable Trust Co. v. Snader*, 20 *Del. Ch.* 278, 174 *A*. 132; *Scott on Trusts*, § 227.14; *Restatement of the Law of Trusts*, 657), the conclusion reached seems reasonable. In *Wilmington Trust Company. v. Worth*, 19 *Del. Ch.* 314, 167 *A*. 848, and in *Equitable Trust Company v. Snader, supra*, the directions with respect to the administrative powers of the trustee, were couched in language of a more direct nature; but the necessary inference as to the character of the investments contemplated was much less specific. In the *Worth* case,

this court held that the trustee had certain discretionary powers, not limited by the statute to so-called "legals". In the Snader case, it was held that the statute governed, and that the trustee had no such discretion. While perhaps neither of those cases can be cited by the complainant, they are not inconsistent with the conclusion reached. Furthermore, the right to invest in shares of stock is not confined to preferred stock; but, in exercising the liberal powers given, the trustee must always use reasonable care and caution. *Fidelity Union Trust Co. v. Lowy,* 123 *N. J. Eq.* 90, 196 *A.* 369; *Restatement Law of Trusts* 657.

Let a decree be prepared in accordance with the foregoing.