FIRST WISCONSIN TRUST COMPANY, Plaintiff and Respondent, vs. PERKINS and wife, Defendants and Appellants: BACH and others, Defendants and Respondents.

*March 7—April 9, 1957.*

For the appellants there was a brief by *Clifford C. Kasdorf* and *Stephen C. deVries,* both of Milwaukee, attorneys, and *Carl Hoppe* of San Francisco, California, of counsel, and oral argument by *Mr. Hoppe* and *Mr. deVries.*

For the respondent First Wisconsin Trust Company there was a brief and oral argument by *Keith Frey* of Waukesha.

For the respondents there was a brief by *Schubring, Ryan, Petersen & Sutherland* of Madison, for E. G. Bach, Frances Bach, and Bonnie Bach Ferris, and by *Collins H. Ferris* of Madison, guardian *ad litem,* for Craig Fenton Ferris, Martha Lou Ferris, and Carey Belle Ferris, and oral argument by *Floyd A. Brynelson* of Madison.

BROADFOOT, J. Although the appeal is from the whole judgment, the appellants did not attack the trial court's construction of paragraph 17 of the trust instrument either in their briefs or oral argument. We have, however, given the matter consideration, and it is our determination that

the trial court's construction of paragraph 17 is correct, and that part of the judgment is hereby affirmed.

In their briefs and argument the appellants contended that the trust instrument did not empower the trustee to make discretionary investments of funds of the trust corpus beyond the limitations of ch. 320, Stats. On the other hand, the remaindermen contend that the trust instrument, properly construed, does empower the trustee to make investments beyond the limitations of said chapter.

Paragraph 4 of the trust instrument authorized the trustee to hold the assets and securities originally assigned to it by the donor whether or not the same conformed to the rules prescribed by the laws of Wisconsin for the investment of trust funds. The appellants contend that the trust instrument expressly authorizes the trustee to retain nonlegal investments but does not expressly direct reinvestment in nonlegal securities, and that the express mention of said discretionary power precludes an extension to other broader powers by implication. They cite many cases from this jurisdiction and also from foreign jurisdictions. They seem to rely upon two recognized rules of construction denominated *ejusdem generis* and *expressio unius est exclusio alterius*. The doctrines so expressed are to be used as an aid in construction but are not to be followed to the extent of overriding a different intent expressed in the instrument being construed. The real test to be applied is expressed in *Welch v. Welch,* 235 Wis. 282, 306, 290 N. W. 758, as follows:

"In construing a trust, whether created by a will or by another instrument, the language thereof should be so construed as to give effect to the intention of the testator or settlor, if that intention may be ascertained from the language of the will or other instrument, considered in the light of the surrounding circumstances. That rule repeatedly stated in connection with the construction of wills, has become

elementary. It has also been stated in connection with the construction of a trust not created by will. *Miller v. Douglass,* 192 Wis. 486, 492, 213 N. W. 320."

The rule was cited with approval in *First Nat. Bank in Oshkosh v. Barnes,* 237 Wis. 627, 298 N. W. 215. The intention of the donor which determines the terms of the trust is his intention at the time of the creation of the trust. Restatement, 1 Trusts, p. 403, sec. 164. At the time of the execution of the trust instrument sec. 231.32, Stats. 1931, controlled the investment of trust funds. The pertinent provisions of that section are as follows:

"(1) (a) Every executor, guardian, or trustee, except where it is otherwise expressly directed by the will or instrument of trust, if any, may invest trust funds in bonds or interest-bearing notes or obligations of the United States, and also in the bonds or interest-bearing obligations of any state of the United States, except the states of Nevada and Wyoming, and except also the present territories of the United States (and such territories shall continue to be excepted after admission to statehood) ;"

"(3) Nothing herein contained shall be construed to affect the power or jurisdiction of any court of the state of Wisconsin in respect to trusts and trustees, nor to affect any powers or authority as to investments conferred by will or other instrument of trust."

In dealing with the construction of a trust instrument executed while said statute was in effect this court said in *Estate of Allen,* 218 Wis. 349, 353, 259 N. W. 848:

"The responsibilities of a trustee require an administration of the trust with the sole object of serving the trust estate and guarding the interests of the beneficiaries. The mere direction to the trustee to use his best skill and judgment and a permission to invest in one particular form of investment, in addition to those specified by law, does not enlarge his powers and discretion so as to permit the investment of the funds of the estate in securities beyond those directly approved. *Estate of Fouks,* 213 Wis. 550, 252 N. W.

160. Unless otherwise expressly directed by the will or instrument of trust, the trustee is to invest the funds in obligations described in sec. 231.32, Stats."

By the terms of the instrument under consideration a successor trustee was given the same powers as those held by the initial trustee. The remaindermen rely in particular upon paragraphs 12, 13, and 14 of the trust instrument, which read as follows:

"12. In the event that by the exercise of any discretion herein vested in the trustee, any loss or damage shall accrue to the trust estate, such loss or damage shall not be charged or imputed to the trustee, excepting only for bad faith shown in the exercise of its discretion.

"13. The retention, sale, and disposition of the assets and securities of such trust and the investment and reinvestment of the funds thereof, shall be exclusively directed by the donor so long as he shall live and shall so elect and so long and to such extent as the donor shall live and retain such control, the trustee shall be charged with no responsibility therefor, excepting only to execute with reasonable diligence and care the directions of the donor.

"14. After the donor's death the powers, duties, and responsibilities so reserved to the donor, shall vest in the trustee, except as above directed."

It is their contention that by paragraph 13 the donor reserved to himself the power to direct the investment and reinvestment of the trust corpus; that the reservation was valid and that the donor intended to grant to the trustee the same powers by the provisions of paragraph 14.

We have given serious and careful consideration to the three paragraphs last quoted, as well as all of the language in the instrument. The donor had knowledge of the fact that there was a statute controlling the investment of trust funds and he made reference thereto with respect to the retention of securities originally placed in the trust. That statute provided that except where otherwise expressly di-

rected by the instrument of trust the trustee should invest trust funds as there provided. It is a simple matter for a donor to give clear direction if it is his intent to give to his trustee broader powers of investment. The first duty of a trustee is to preserve the corpus of the trust. The legislature has indicated that the best way to guard the safety of the corpus of the trust is to confine investments to the list thereof prescribed by statute. Express direction and clear intent should not be supplied in an instrument by deductions, inferences, or implications. If any such are to be indulged in, it is more reasonable to suppose that a donor intended that his trustee should invest the funds intrusted to him according to statute.

Paragraph 14 is very indefinite. The donor had reserved several rights and powers, including the right to withdraw funds from the trust, which in effect made the trust revocable. He certainly did not intend that the trustee should have all of the powers that he had reserved to himself. We could only infer by way of elimination or deduction that the donor intended by the language of paragraph 14 to give the trustee broad powers of investment. In fact, it would be necessary to assume that the donor was referring to the power of investment in paragraph 14.

In view of all of the language in the trust instrument we cannot determine that the donor expressly directed that the trustee should be empowered to make discretionary investments beyond the limitations of ch. 320, Stats. Therefore, the judgment should be amended in that respect.

*By the Court.*—The judgment, so far as it construes paragraph 17 of the trust instrument, is affirmed. That part of the judgment holding that the petitioner as trustee is not required to comply with the provisions of ch. 320, Stats., in the investment of trust funds is reversed. Cause remanded, with directions to enter a judgment in conformity with this opinion.

CURRIE, J. (*concurring*). The trust instrument does expressly provide for one exception from the requirements of ch. 320, Stats., that investments must be made in "legals" in the absence of provisions in the instrument conferring wider investment powers. This is the provision in paragraph 4 which authorizes the trustee to retain as trust investments "the assets and securities now comprised in said trust . . . *whether or not the same conformed to the rules prescribed by the laws of Wisconsin for the investment of trust funds."*

While the rule of construction of *"expressio unius est exclusio alterius"* (the expression of one thing excludes another) is not to be blindly followed in all cases, its invocation in the present instance seems particularly appropriate. This is because the quoted wording from paragraph 4 discloses that the scrivener was well versed in the proper language to be employed in stating an exemption from the requirements of ch. 320, Stats. Thus the inference is inescapable that he would have used like specific language to express a general dispensation of all compliance with the provisions of such chapter. Such inference is further confirmed by the fact that the lawyer who drafted the trust instrument was the late Harvey J. Frame of Waukesha, who had had long and extensive experience in drafting wills and trust instruments.

The case of *Equitable Trust Co. v. Snader* (1934), 20 Del. Ch. 278, 174 Atl. 132, holds that a specific grant by the will of the testatrix of discretion to a trustee of a testamentary trust to invest in real estate, a "nonlegal" in Delaware, is to be construed as evidencing a desire that other "nonlegals" be avoided on the principle of *expressio unius est exclusio alterius*. This case also lays down the principle that where there are two possible constructions of a trust instrument, under one of which investment in "nonlegals" would be permitted and under the other excluded, that construction should be adopted which opposes the existence in the trustee of a wide discretionary power.