[Civ. No. 22858.   Second Dist., Div. One.   May 13, 1958.]

JOHNNY LEE BARNES, a Minor, etc., et al., Respondents v.
JOSEPH  S.  ROCKHOLD  et  al.,  Appellants.

Parker, Stanbury, Reese & McGee, Robert W. Stanley and Raymond G. Stanbury for Appellants.

Donkin & Kurlander and Orlan S. Friedman for Respondents.

WHITE, P. J.—Defendants appeal from a judgment against them in favor of the widow and three minor children of Burl Donald Barnes, who died instantaneously as the result of injuries received by him when he was crushed between the front end of the truck he had been driving and the back of defendants' trailer.

Decedent and defendant Rockhold were each driving a semitruck and trailer east from California. Before daylight on January 12, 1956, Rockhold drove into the Ehrenberg Inspection Station and stopped a few feet behind a truck and trailer which was already stopped in one of the lanes awaiting clearance. A minute or so later decedent stopped his semitruck and trailer a few feet behind that of Rockhold. Defendant Rockhold, in preparing to depart, released the brake on his vehicle and it rolled back a few feet, crushing decedent against the front of his own vehicle.

Plaintiffs reside in Oklahoma and are the sole heirs at law of the decedent. Defendant Watson Brothers Transportation Company is a resident of Nebraska licensed to do business in California. Defendant Rockhold, an employee of Watson

Brothers acting within the scope of his employment at the time of the accident, resides in California.

The action was tried before a jury and the judgment for $65,000 entered upon their unanimous verdict. Motions for a directed verdict, for judgment notwithstanding the verdict and for a new trial were denied.

The only errors specified in the opening brief are: (1) that the complaint fails to state a cause of action under the law of the State of Arizona where the accident occurred; and (2) that the court failed to instruct the jury on the question of damages according to the law of Arizona.

■ As urged by appellants, the objection that the complaint does not state facts sufficient to constitute a cause of action is not waived by their failure to raise it before trial by demurrer or answer. (Code Civ. Proc., § 434.)

In the instant action, it is conceded that the complaint states a cause of action under the law of California (Code Civ. Proc., § 377), and that, if the action had been commenced by the personal representative of the decedent, the complaint would not be faulty under the Arizona law. (Arizona Wrongful Death Statute, § 12-612.) Under the Arizona statute, in the absence of other estate in Arizona, the action could have been commenced and maintained by the surviving widow in her own name alone and on behalf of the estate, and in any case "the amount recovered in such action shall not be subject to the debts or liabilities of the deceased." (Arizona Wrongful Death Statute, § 12-612.)

■ The difference in parties plaintiff required by the Arizona and California statutes is more apparent than real. The recovery in Arizona not being "subject to the debts or liabilities of the decedent," is in reality for the benefit of the widow and children of the decedent, although under the statutes of Arizona they may not bring the action in their own names as in California. The result is the same. Under the statutes of both states, the defendants were obligated to pay damages for the benefit of decedent's family. The burden of the judgment in the instant action in favor of the widow and children of the decedent casts no greater burden upon the appellants than would a judgment in favor of the personal representative for the benefit of decedent's heirs, in this action his widow and minor children. If the judgment is erroneous in that respect, the error is not prejudicial to appellants.

■ The appellants' specification of the respect in which the complaint fails to state a cause of action is actually an objec-

tion because of an alleged defect of parties plaintiff, which was waived by their proceeding to try the action as though the complaint were in all respects sufficient. (Code Civ. Proc., § 430, subd. 4; Code Civ. Proc., § 434.)

Defendants acquiesced in the conduct of the entire trial pursuant to the California law. They requested no instruction as to the Arizona law of damages. The Arizona statute provides that "the jury shall give such damages as it deems fair and just," and the California statute that such damages may be given "as under all the circumstances of the case may be just." We are persuaded that the error, if any was committed with respect to instructions, likewise was more apparent than real, and without prejudice to appellants.

Considering the entire record on the appeal now engaging our attention, we must assume that all the parties agreed at the trial that the issues should be determined pursuant to the law of California, and consequently the issues on appeal should be determined under the California law although the accident occurred in Arizona. (See *Lein* v. *Perkin*, 49 Cal.2d 397, 399 [318 P.2d 1]; and *Lubin* v. *Lubin*, 144 Cal.App.2d 781, 786 [302 P.2d 49].)

Where, as in the instant action, upon a timely objection by demurrer or answer, and upon the offer of instructions respecting the Arizona law, the alleged defects in the complaint and instructions could then have been remedied, it was unfair for the defendants to proceed throughout the trial without pointing out such defects and then urge them as fatal errors requiring reversal on appeal. Law and good morals should be one and inseparable.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 9, 1958.