[Civ. No. 20633. First Dist., Div. Two. June 13, 1963.]

Estate of ELMER E. PATTEN, Deceased. PHOEBE MARGARET WOOD PATTEN, Petitioner and Respondent, v. E. EUGENIA PATTEN, Objector and Appellant.

Howard R. Benson for Objector and Appellant.

Breed, Robinson & Stewart for Petitioner and Respondent.

KAUFMAN, P. J.—This is an appeal by the remainderman from an order of the probate court directing the trustee of a testamentary trust to invade the corpus to reimburse the life tenant for certain medical expenses.

The facts are not in dispute. The respondent, Phoebe M. W. Patten, was the sole life beneficiary of a testamentary trust created by the will of her deceased husband, Elmer E. Patten. The appellant, E. Eugenia Patten, the daughter of the decedent by a prior marriage, is the sole remainderman of the trust, and the executrix of the estate.

The will, naming Crocker-Anglo National Bank as trustee, so far as relevant further provides: "FIFTH(d) After making all the payments hereinbefore enumerated, the trustee shall pay over the net income from said trust estate to my said wife, PHOEBE MARGARET WOOD PATTEN, during her lifetime. In the event that the income of my said wife should at any time be insufficient to defray expenses incurred by illness, accident, or other dire need, then in addition to the net income the trustee shall pay over to my said wife such of the principal of the trust estate as my said trustee shall deem necessary, and the judgment and determination of the trustee as to the necessity and the amount of such payments shall be conclusive."

During the term of the trust and prior to August 23, 1961, the respondent incurred medical expenses in excess of $3,000. As her income was insufficient to defray these expenses, she withdrew the necessary amounts from her savings and borrowed $5,000, using as security her home at 373 Staten Avenue. This home was her separate property and had been her home before her marriage to the decedent. When she requested the trustee to reimburse her from the principal of the trust estate, the trustee independently and on advice of counsel refused because the respondent had taken up residence at the Women's Athletic Club and had not sold or rented the Staten Avenue property. Thereafter, the respondent filed her petition requesting the court to instruct the trustee to invade the corpus to reimburse her for the medical expenses. Appellant did not oppose this petition or participate in the proceedings below.

The court, in addition to the facts stated above, found that the Staten Avenue home was the principal interest, outlet and source of diversion and recreation for the respondent, who visited the premises three or four times a week; that the home contained valuable antiques and artifacts that could not be safely moved and stored except at great and unwarranted expense; that the home would require considerable and expensive repair before it could be rented or leased; that the home

was located in an area of rapidly increasing values, and that at the present time, a sale would be unwise; that the respondent's move to the Women's Athletic Club was a temporary one, caused by her illness, and that the respondent wished to return to her home and that all of these facts were known to the trustee.

The court concluded that it was the intention of the decedent that the trustee reimburse Mrs. Patten sufficient sums from the principal of the trust estate to defray the respondent's expenses of illness, accident and dire need without first resorting to the sale, rental or leasing of her real property. The court also concluded that the action of the trustee in disregarding the intent of decedent as expressed in the paragraph quoted above and in refusing to reimburse the respondent was arbitrary, capricious and unreasonable, as well as an abuse of discretion. Accordingly, the court instructed the trustee to pay the medical expenses. The trustee is not a party to this appeal. Respondent concedes the appellant's right to appeal, notwithstanding her failure to appear below.[1]

Appellant contends that: (1) the respondent's petition does not state facts sufficient to state a cause of action; (2) the court's order is in excess of its jurisdiction and authority; (3) the evidence does not support the judgment; and (4) the court erred in the admission of evidence. There is no merit in any of these contentions.

Appellant's first contention that the respondent failed to state a cause of action as fraud and abuse of discretion were not pleaded, need not be discussed in detail, as the trustee's answer, the hearing, and the trial court's finding of abuse of discretion preclude the matter (*Barnes* v. *Rockhold,* 160 Cal.App.2d 393 [325 P.2d 621]; *Slaughter* v. *Goldberg, Bowen & Co.,* 26 Cal.App. 318, 326 [147 P. 90]).

Appellant's second contention is that the court erred in its conclusions of law that an absolute discretion exercised in good faith by a trustee cannot be controlled by a court on considerations going to the soundness of the discretion. Appellant relies on *Estate of Charters,* 46 Cal.2d 227 [293 P.2d 778], wherein a trustee petitioned for instructions as to the

[1] A beneficiary under a testamentary trust is an aggrieved party and entitled to appeal from an order adversely affecting his interest (*Estate of Silver,* 92 Cal.App.2d 173, 175 [206 P.2d 895]), and failure to appear at the hearing below does not deprive him of his right (*Guardianship of Copsey,* 7 Cal.2d 199, 203 [60 P.2d 121]; *Guardianship of Copsey,* 10 Cal. 2d 748, 752 [76 P.2d 691]; *Estate of Levy,* 4 Cal.2d 223, 226 [48 P.2d 675]; *Estate of Benner,* 155 Cal. 153, 154 [99 P. 715]).

distribution of surplus trust income. ■ That case is not relevant here as it is beyond question that the issues of bad faith, fraud or abuse of discretion are always appropriate in a court review of the actions of a trustee vested with absolute discretion (*Estate of Ferrall*, 41 Cal.2d 166 [258 P.2d 1009]). Appellant's argument overlooks the fact that the court here made a finding of abuse of discretion.

Appellant next contends that the judgment is not supported by the evidence, as during the period of time in question (about four years; Prob. Code § 160), the trustee had paid the respondent trust income a little over five times as large as the medical expenses in question. ■ However, the trial court found that the sums were reasonable and that the decedent intended that the trustee reimburse his widow sufficient sums from the principal of the trust estate to defray expenses of illness, accident and dire need without first resorting to the sale, lease or renting of her real property.

■ Where, as here, the testator provides that the trustee in his discretion may or shall invade the principal for the benefit of the income beneficiary, the extent of the power of the trustee depends on the terms of the trust (2 Scott on Trusts, § 128.7). The cardinal rule is that the intent of the testator is the controlling factor. ■ We think the trial court correctly construed paragraph FIFTH(d) (see *First Wisconsin Trust Co.* v. *Perkins,* 275 Wis. 464 [82 N.W.2d 331, 78 A.L.R.2d 1]).

■ Appellant's final contention that the court erred in admitting into evidence copies of the respondent's income tax returns for 1958, 1959 and 1960, as these were self-serving and hearsay, is likewise without merit. The record, however, shows that the returns were used to refresh Mrs. Patten's memory in the manner authorized by section 2047 of the Code of Civil Procedure (Witkin, Cal. Evidence, § 598, p. 651). The original of a federal income tax return is filed with the Secretary of the Treasury, and while open to inspection, cannot be removed (26 U.S.C.A. § 6103, Int. Rev. Code (1954)).

Order affirmed.

Shoemaker, J., and Agee, J., concurred.